(Decided 2nd March, 1877.)

RICHARD H. WOOLLEN, Trustee *vs.* WILLIAM F. FRICK and JAMES C. GOLDER, Executors of HENRY WATSON.

*Question as to allowances to the Executors of a deceased trustee for expenditures made by the latter under an order of Court.*

H. W. as life-tenant and trustee for certain *cestuis que trust* in remainder, filed a petition for, and obtained an order allowing him to apply a certain sum, part of the trust fund in his hands, for permanent improvements of a farm, provided no cause to the contrary was shown by a day named in the order. The order was duly served on the *cestuis que trust,* and no cause to the contrary was shown by them. The improvements were made, but no account thereof was presented to the Court, the trustee having died before a report was filed by him. On a bill filed by a new trustee against the executors of H. W., it was HELD:

That it was too late to object to the authority of the Court to pass the order, as such objection ought to have been made when notice of the order was served upon the *cestuis que trust.* Or they ought to have appealed from the order within the time prescribed by law.

The order did not require the trustee to report the nature and character of the expenditures before they were made, but required that after making the improvements he should report the same to the Court, in order that the Court might see whether they had been made in conformity with its order. HELD:

That the failure of H. W. to report his proceedings under the order presented no ground for disallowing his executors such sum as they could show to have been properly expended by him under the order.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The case was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*Charles Marshall*, for the appellant.

*William F. Frick*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Upon the petition of Henry Watson, a life-tenant, and trustee for *cestuis que trust* in remainder, the Superior Court of Baltimore City, in equity, on the 31st January, 1859, passed an order allowing the petitioner to apply a sum not exceeding three thousand dollars, part of the trust funds in his hands, for permanent improvements on a farm in Baltimore County, provided no cause to the contrary thereof was shown on or before a day named in said order.

The service of this order was duly made on the *cestuis que trust*, and no cause to the contrary was shown by said parties in interest.

The trustee Watson made the proposed and other permanent improvements on the farm, and died in 1871, without having made any special report of his disbursements under the order. The appellees, his executors, found among his papers carefully prepared statements with vouchers, intended as the basis of such report, and one of them stated he had been applied to by the trustee, as his solicitor, to make up from such papers, a proper

report and file the same, but the trustee died before the same was fully prepared.

His executors, from the papers and information which came to their possession, reported to the Court the disbursements which had been made by Watson under the order.

This report showed expenditures largely in excess of the sum of three thousand dollars allowed by the Court.

After the death of Watson, the appellant, one of the *cestuis que trust* in remainder was appointed trustee, and as such, filed a bill against the executors of Watson, for an account and delivery to him of the trust property in the hands of the former trustee at the time of his death.

The personal trust fund having been decreased by the use of three thousand dollars by Watson under the order of the Court, his executors claimed to be allowed that sum, and to deduct the same from the trust fund remaining in the hands of Watson at the time of his death.

The appellant objects to this allowance on several grounds. First, it is said there is no sufficient proof of the expenditure. Now we have read the testimony very carefully, and it proves conclusively, that he expended between two thousand and twenty-five hundred dollars to the erection of a tenant-house, five hundred dollars on the barn, and other sums in the construction of an ice-house, fencing, &c., besides four to five thousand dollars on the dwelling-house. Even conceding the latter expenditure to have been unnecessary, and not within the order, it is clear we think that he expended the full sum of three thousand dollars.

Then it is said, the Court had no power to pass the order.

This objection comes too late. It ought to have been made when notice of the order was served on the *cestuis que trust*.

Or they ought to have appealed from the order within the time prescribed by law. Having thus acquiesced in

and permitted the life-tenant and trustee to make these improvements, they will not now be allowed to object to the expenditure, on the ground that the Court erred in passing the order.

Then, as a third and last objection, it is said the trustee did not make his report of the disbursements to the Court and did not therefore comply with the order. It is a sufficient answer to say, that the order did not require the trustee to report the nature and character of the expenditures before they were made. On the contrary, it only required that after making the improvements, he should report the same to the Court, in order that the Court might see whether the improvements had been made in conformity with its order. And the only question that could arise upon the report, was, whether the money had been properly expended by Watson? The appellant has the same right to raise that question now upon the report made by the executors. We are unable, therefore, to see how or in what manner the parties in remainder are injured, because the report was not made by Watson.

There was no error in judgment in thus allowing the executors the sum of three thousand dollars, and the order will be affirmed.

*Order affirmed.*

(Decided 2nd March, 1877.)